IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TODD LOPEZ, Personal Representative
of the Estate of ERIN L. GROGAN,
KINDRA RISSMAN, CURT RISSMANN,
AND ADAM GROGAN,

        Plaintiffs,

vs.     No. CIV 20-453 PJK-SCY

UNITED STATES OF AMERICA,

        Defendant.

## MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

Defendant United States of America, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure moves to dismiss Plaintiff's Complaint for Wrongful Death and resulting damages ("Complaint") on the ground that this Court lacks subject matter jurisdiction because Plaintiffs failed to exhaust their administrative remedies.

The undersigned contacted counsel for Plaintiffs, and Plaintiffs do not oppose this motion.

## MATERIAL FACTS

1. On January 15, 2020, Todd Lopez, P.R. for the Estate of Erin L. Grogan, et al. filed a complaint for Medical Malpractice in the First Judicial District Court for the State of New Mexico. *See* Complaint, *Doc.1-2*. Plaintiffs named Forrest Henry D.O. and Hidalgo Medical Center as joint defendants. *Id*. The actual name of the clinic is Hidalgo Medical Services.

2. Plaintiffs' Complaint alleges Dr. Henry treated Erin L. Grogan with prescription medications at the Hidalgo Medical Services clinic in Hidalgo County, NM, between January

2016 and January 2017, and as a result, Ms. Grogan died from acute oxycodone toxicity and Plaintiffs have incurred damages for which they seek relief. Complaint, *Doc. 1-2* at ¶¶ 11-18.

3. Defendants Dr. Henry and Hidalgo Medical Services removed this lawsuit to Federal Court on May 12, 2020. *Doc. 1*.

4. Plaintiffs did not allege in their Complaint that they filed a notice of claim or otherwise exhausted their administrative remedies. *Doc. 1-2*.

5. As of May 11, 2020, approximately five months after they filed their Complaint in state district court, Plaintiffs had not submitted an administrative claim with the United States Department of Health and Human Services. *See* Declaration of Meredith Torres, *Docs. 2-1 and 2-2*.

## POINTS AND AUTHORITIES

### A. Standard of Review

When the Court reviews a factual attack on subject matter jurisdiction, the Court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). *Fowler v. United States*, 647 F.3d 1232, 1236 (10th Cir. 2011). Only when resolution of the jurisdictional question is intertwined with the merits of the case is the Court to convert a Rule 12(b)(1) motion into a Rule 56 summary judgment motion. *Id*. This motion is not intertwined with the merits of the case and Plaintiffs' Complaint is therefore subject to dismissal.

### B. Plaintiffs Failed To Exhaust Their Administrative Remedies.

Jurisdiction over this suit arises out of the Federal Tort Claims Act (FTCA), which governs tort actions against the United States. 28 U.S.C. § 2671, et seq. The United States, as a sovereign, is immune from suit unless it waives sovereign immunity and consents to be sued.

*Harrell v. United States*, 443 F.3d 1231, 1234 (10th Cir. 2006). Because the FTCA constitutes a congressional waiver of the federal government's sovereign immunity, *see Estate of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 852 (10th Cir. 2005), Congress has permissibly imposed certain conditions on actions brought under that enactment, *see United States v. Sherwood*, 312 U.S. 584, 586 (1941) ("[T]he terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit."). One of these conditions is that a plaintiff must provide notice to the United States before pursuing an FTCA action in court. *See Estate of Trentadue*, 397 F.3d at 852. Since the purpose of the FTCA's administrative claim requirement is to afford the government a "fair opportunity to investigate and possibly settle the claim before the parties must assume the burden of costly and time-consuming litigation," *McNeil v. United States*, 508 U.S. 106, 111-112 (1993), an FTCA action cannot be instituted "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing." 28 U.S.C. § 2675(a).

And, because the FTCA constitutes a limited waiver of sovereign immunity, the notice and exhaustion requirements of § 2675(a) "must be strictly construed. The requirements are jurisdictional and cannot be waived." *See Estate of Trentadue*, 397 F.3d at 852; *see also Nero v. Cherokee Nation of Okla.*, 892 F.2d 1457, 1463 (10th Cir. 1989) ("[B]ringing an administrative claim is a jurisdictional prerequisite to suit, imposed by Congress, which the courts have no power to waive." (Citation omitted)). An administrative claim must therefore provide written notice of the claim sufficient to enable the agency to investigate and must place a value on the claim. *Haceesa v. United States*, 309 F.3d 722, 734 (10th Cir. 2002) (no subject matter jurisdiction over claim asserted by the estate when only the wife and daughter filed administrate claims).

By statute, only those administrative claims presented initially to the appropriate agency are cognizable in a tort action against the United States and failure to assert a claim for specific damages in an administrative tort claim results in a jurisdictional defect which cannot be waived. 28 U.S.C. § 2675(a); *See, Duplan v. Harper*, 188 F.3d 1195, 1199 (10th Cir. 1999); *Cizek v. United States*, 953 F.2d 1232, 1233 (10th Cir. 1992); *Bradley v. United States by Veterans Admin.*, 951 F.2d 268, 270 (10th Cir. 1991); *Pipkin v. United States Postal Services*, 951 F.2d 272, 273 (10th Cir. 1991). Noncompliance with the requirements of 28 U.S.C. § 2675 is a fatal defect depriving a claimant of federal court jurisdiction over the claim. In other words, "Congress intended to require complete exhaustion . . . before invocation of the judicial process." *Duplan,* 188 F.3d at 1199, quoting *McNeil*, 508 U.S. at 112. This rule applies with equal force to actions that are originally filed in state court against individual federal employees, then removed to federal court upon certification by the Attorney General that the United States should be deemed the proper defendant. *See Id.*

## **CONCLUSION**

Because Plaintiffs filed their complaint before exhausting any of their administrative remedies as required by 28 U.S.C. § 2675(a), the Court lacks subject-matter jurisdiction over this action to the extent it asserts claims against the United States and the Complaint should be dismissed. Defendant respectfully requests the Court to enter an order dismissing Plaintiffs' Complaint with prejudice.

        Respectfully submitted,

        JOHN C. ANDERSON
        United States Attorney

        */s/ Roberto D. Ortega 5/26/20*
        ROBERTO D. ORTEGA
        Assistant United States Attorney
        P.O. Box 607
        Albuquerque, New Mexico 87103
        505-346-7274
        Roberto.ortega@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 26, 2020, I filed the foregoing pleading electronically through the Court's Electronic Filing system which caused all parties or counsel of record to be served by electronic means as more fully reflected on the Notice of Electronic Filing.

    Roger I. Smith
    Christopher J. Templeman
    1400 Central Ave., SE, Suite 2300
    Albuquerque, NM  87106
    Attorneys for Plaintiffs

    roger@smithtempleman.com
    chris@smithtempleman.com

        */s/ Roberto D. Ortega 5/26/20*
        ROBERTO D. ORTEGA
        Assistant United States Attorney